UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN WAYNE JONES                                                           CIVIL ACTION

VERSUS                                                                      04-922

DIAMOND OFFSHORE DRILLING, INC.,                                            SECTION "T"(5)
 S.H.R.M. CATERING SERVICES, INC., a
Division of COMPASS GROUP USA, INC.,
d/b/a EUREST SUPPORT SERVICES

## ORDER AND REASONS

Before this court is a motion by Defendant, S.H.R.M. Catering Services, Inc. d/b/a Eurest Support Services( hereinafter referred to "SHRM") for Partial Summary Judgment and a motion by Defendant, Diamond Offshore Drilling, Inc. ("Diamond"), for Partial Summary Judgment. This matter was submitted for the Court's consideration on July 22, 2005. The Court having studied the legal memoranda submitted by both parties, the evidence presented, the Court record, the law and applicable jurisdiction, is fully advised and ready to rule.

**I. BACKGROUND**

Kevin Wayne Jones was employed by SHRM and was working aboard an offshore rig, the Ocean Nugget, at the time of his alleged accident on September 29, 2003.  He claims that the cause of the accident was a slippery green soap substance applied to the stairs by co-employee Herschel Bernard.  Bernard was allegedly told to remove the substance because of its slippery composition.  Herschel Bernard claims to have cleaned the substance off the stairs, but admitted that the stairs were still slick.  No barricade was put around these stairs notifying possible danger at the time of Mr. Jones alleged accident.  At the time, Mr. Jones was hauling a load of laundry, without the use of proper laundry bag, resulting in his non-use of handrails, which furthered his risk of falling.  The Plaintiff filed the instant lawsuit on March 31, 2004 against SHRM and Diamond Offshore Drilling (Operator of the Ocean Nugget).  In his original complaint, the Plaintiff asserts negligence claims under Louisiana Civil Code Article 2315 as a Jones Act seaman.

**II. LAW AND ANALYSIS**

    **A.  Law on Motion for Summary Judgment:**

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  Stults v. Conoco, Inc., 76 F.3d 651,

655-56 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."  Matsushita Elec. Indus. Co., 475 U.S. at 588.  Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In this instant case there are questions of material fact as to whether or not the conditions of the stairwell were "open and obvious" and/or unreasonably dangerous to a reasonably prudent person.  The Fifth Circuit established that a " Jones Act negligence action becomes one of the reasonable seaman in like circumstances."  See *Gautreaux v. Scurlock Marine, 107 F.3d 331 (5th cir. 1997).*  There is testimony which provides that the Plaintiff knew of the soap being used on the stairs, but was sure that it had been cleaned.  There is also testimony which provides that the Plaintiff did not know if the stairs were slippery due to the green soap or from other Diamond employees tracking oily mud onto the stairs.  Regardless, the question of whether the slippery conditions presented are "open and obvious" or unreasonably dangerous remains to be seen and should be further investigated.  Furthermore, the Plaintiff's statements provide some questions of

material fact which preclude summary judgment at this time.

Accordingly,

**IT IS ORDERED** that the Motions for Partial Summary Judgment filed on behalf of Defendants, S.H.R.M. Catering Services, Inc. d/b/a Eurest Support Services and Diamond Offshore Drilling, Inc., be and the same is, hereby **DENIED.**

New Orleans, Louisiana, this 2nd day of August, 2005.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**